## CIRCUIT COURT OF THE CITY OF RICHMOND

Ray E. James et al.

v.

Roscoe Sykes, III, et al.

November 7, 1996

Case No. HG-1231-1

BY JUDGE MELVIN R. HUGHES, JR.

In this proceeding plaintiffs have brought an action seeking a declaratory judgment that the defendants have no legal or equitable interest in the estate of Viola James Spivey, who died on June 15, 1994. Plaintiffs are the surviving sons of the decedent. They assert that defendants, who were born out of wedlock, claim to be the only children and heirs at law of Roscoe Sykes, Jr., who died on or about November 4, 1977. Robert Sykes, Jr., was the plaintiffs' brother. Defendants have filed a cross-bill asserting that they are the children of Robert Sykes, Jr., and thereby are entitled to Robert Sykes, Jr.'s share of decedent Viola James Spivey's estate. Thus, should plaintiffs prevail Robert Sykes, Jr.'s share of inheritance from Viola James Spivey will be divided among the plaintiffs; should the defendants prevail, they will divide Robert Sykes, Jr.'s share of the inheritance.

Plaintiff's have moved for summary judgment. The facts stated above are undisputed. The primary issue the motion for summary judgment raises is the effect of a January 24, 1980, order of this court. That order was a name change proceeding entered on the application of Mildred Ann Tunstall, the mother of the defendants, to change the name of the defendants to that of Sykes. In that order the court found that defendants were the children of Robert Sykes, Jr., and ordered the change of name. Defendants rely on the 1980 order as a determination of parentage of Robert Sykes, Jr.

Plaintiffs argue that the controlling statute is § 64.1-5.1. The statute requires a filing of a petition to determine paternity within one year of a decedent's death. It further provides that such filing is not required "where

the relationship between the child born out of wedlock and the parent in question is . . . established . . . by a previously concluded proceeding to determine parentage pursuant to the provisions of former § 20-61 in Chapter 3.1 (§ 20-49.1 *et seq.*) of Title 20." Plaintiffs argue that having failed to file a petition to establish paternity within one year of June 14, 1996, the date of Viola James Spivey's death, defendants are precluded from participating in the estate of Viola James Spivey through Robert Sykes, Jr. In addition, plaintiffs argue that the 1980 name change proceeding cannot be considered "a . . . proceeding to determine parentage . . ." as stated in § 64.1-5.1 because such proceedings are limited to a name change and do not involve establishing parentage.

In its January 24, 1980, order this court found "that Robert Sykes, Jr., is the natural father of both children" and allowed the names of the defendants, then Roscoe Tunstall and Marceia Ann Tunstall, to be changed to Roscoe Sykes, III, and Marceia Ann Sykes. The name change petition alleged that the petitioner Mildred Ann Tunstall was the defendants' mother, that she had lived together with Robert Sykes, Jr., for six years beginning in 1965, that each defendant was born while Tunstall and Sykes lived together, that Sykes acknowledged his paternity to others, that he conducted himself as a parent by contributing to their support and often visited with the defendants' elementary school teachers as the defendants' father. Four affidavits and a letter were filed with the petition all of which supplied evidence from witnesses regarding these facts.

While the statutory name change procedure as then and now authorized by § 8.01-217, is designed to change a name for "good cause," the record of the 1980 proceeding took on the character of a "proceeding to determine paternity" and the court so found. As mentioned four affidavits in support of the petition were before the court. These supplied some of the same evidence required in § 20-49.4 under Chapter 3.1 for determining parentage, namely, "open cohabitation . . . between the known parent and the alleged parent at the probable time of conception" and the alleged parent's acknowledgement of a paternity to others.[1] Accordingly, the court

---

[1] For that matter § 64.1-5.2 lists the same elements of proof of paternity as listed in § 20-49.4. In listing the elements both statutes do not limit the proof to only the listed items.

rules that there is a "previously concluded proceeding to determine parentage" in the form of the name change proceeding concluded by the January 24, 1980, order of this court.

For these reasons plaintiffs' motion for summary judgment is denied.